UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMMY SCOTT HAMILTON,

                Plaintiff,

v.                                Case No. 3:05-cv-635-J-20HTS

JAMES V. CROSBY, etc.; et al.,

                Defendants.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Timmy Scott Hamilton, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) on July 8, 2005. He names the following individuals as the Defendants in the case: James V. Crosby, the Secretary of the Florida Department of Corrections; Jack Sapp, the Warden of Hamilton Correctional Institution; R. Solorzano, M.D., Chief Health Officer; V.P. Baitan, M.D.; H.V. Pandit, D.D.S.; A. Ferrer Duchesne, D.M.D.; C.F. Vanwinkle, D.D.S.; K. Hughes, C.D.A., dental assistant; M. Newsome, D.A., dental assistant; and, P. Williams, D.A., dental assistant. Plaintiff claims that the Defendants have failed to provide reasonably prompt attention to his serious dental needs. In support of his claim, he submitted numerous exhibits attached to his Complaint.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

The Eleventh Circuit has stated:

> In Estelle v. Gamble, the Supreme Court held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104, 97 S.Ct. 285 (quotation marks and citation omitted); see Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted); see Estelle, 429 U.S. at 106, 97 S.Ct. 285 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary

3

> and wanton infliction of pain.'" <u>Estelle</u>, 429 U.S. at 105-06, 97 S.Ct. 285.
>
> To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11th Cir. 2000); <u>Adams v. Poag</u>, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. <u>Taylor</u>, 221 F.3d at 1258; <u>Adams</u>, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. <u>Farmer</u>, 511 U.S. at 834, 114 S.Ct. 1970; <u>McElligott</u>, 182 F.3d at 1254; <u>Campbell</u>, 169 F.3d at 1363.

<u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003).

The Court is convinced, upon review of the Complaint and the attachments, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation. A chronology of Plaintiff's grievances and the responses by the Defendants and the Department of Corrections follows. It is thus evident that Plaintiff has not shown deliberate indifference to any serious medical/dental need.

Specifically, Plaintiff alleges that some of his teeth were extracted in 2003, leaving him with one top tooth and nine bottom teeth. He states that he saw a dentist in September of 2003 and requested to see a dentist again in November of 2003, noting that his teeth were bothering him and he was experiencing difficulty chewing his food. Defendant Duchesne, D.M.D., denied his informal request, stating:

4

> [He] must wait his turn on the rotating list with the other inmates. Due to shortage of dental staff, the list is long.
>
> However, you are already scheduled in a few weeks for further dental treatment.

Response to Inmate Request, dated November 21, 2003. Plaintiff acknowledges that he was called for dental work in December of 2003. Inmate Request, dated April 21, 2004.

Thereafter, in March of 2004, Plaintiff sent another inmate request to the dental staff, stating he needed to see a dentist concerning his gums. Inmate Request, dated March 22, 2004. Two days later, Defendant Newsome, a dental assistant, responded:

> You may sign up for dental sick call. Sign up on the sick call list at 9:00 p.m. in your dorm. Write the word "dental" next to your name. You may then report to the dental clinic the next morning at 9:00 a.m. to be evaluated. Fill out the sick call form when you report to the medical building. According to the inmate handbook, a co-payment may be assessed at the time of the sick call visit.

Response to Inmate Request, dated March 24, 2004.

In April of 2004, Plaintiff filed another inmate request to the dental department, stating he cannot properly chew his food. Inmate Request, dated April 21, 2004. Within five days, Defendant Pandit (a senior dentist at Hamilton Correctional Institution) and Defendant Baitan (a medical doctor at Hamilton Correctional Institution) responded that he was last seen on December 12, 2003, and was scheduled again to see a dentist; however, they noted that

5

the "rotating list is long."  Response to Inmate Request, dated April 26, 2004.

On July 14, 2004, Plaintiff sent another inmate request to the dental department.  Inmate Request, dated July 14, 2004.  Within two days, Defendant Newsome responded:

> You were last seen 7-1-04.  The rotating list is running 5-6 months long, due to shortage of dental staff.  A call-out will be sent to your dorm when your name rotates up to the top with the other inmates also on the list.  If you have severe pain/discomfort before your next appointment, you may sign up for dental sick call in your dorm Monday-Friday at 9:00 p.m. on the sick call list.  Write the word "dental" next to your name.  Then report to the dental clinic the following morning to be evaluated from 8:00 a.m. - 9:00 a.m.  According to the inmate handbook, a co-payment may be assessed at the time of the sick call visit.

Response to Inmate Request, dated July 16, 2004.

In October, Plaintiff filed an inmate request to inquire as to when his next appointment would be scheduled.  Inmate Request, dated October 7, 2004.  Defendant Williams, a dental assistant, responded that he was on the list, but it would be a few months before he would receive a dental call out.  Response to Inmate Request, dated October 20, 2004.

In January of 2005, Plaintiff filed another inmate request to the dental department, stating "there is no need for me to go to dental sick call and spend another $4.00 to be evaluated." Inmate Request, dated January 3, 2005.  Three days later, Defendant

6

Duchesne (a dentist) and Defendant Baitan (a medical doctor) stated that, due to the shortage of staff, the waiting period increased nine to ten months; however, they advised that Plaintiff could report to dental sick call for any immediate dental problem. Response to Inmate Request, dated January 6, 2005.

On April 4, 2005, Plaintiff inquired as to when he would be scheduled. Inmate Request, dated April 4, 2005. The next day, Defendant Hughes (a dental assistant) responded:

> You are already on the rotating list for dental treatment. You went on the list 7-1-04 and . . . [illegible]. The list is running 9-10 months or longer. A call-out will be sent to your dorm when your name rotates up to the top. You do not have to send another request. If you are in severe pain/discomfort before you are scheduled: see below instructions.
>
> You may sign up for dental sick call. Sign up in your dorm Sunday-Thursday at 9:00 p.m. on the sick call list at 9:00 p.m. Write the word "dental" next to your name. You may then report to the dental clinic the next morning at 8:00 a.m. to be evaluated. Sick call is Monday-Friday from 8:00 a.m.-9:00 a.m. Fill out the sick call form in the medical lobby and put it under the door when your are finished. Sit down and patiently wait until your name is called by dental staff. According to the inmate handbook, a co-payment may be assessed at the time of the sick call visit. [Handwritten addition to the response is as follows.] Sick call is on Monday, Tuesday and Thursday until further notice.

Response to Inmate Request, dated April 5, 2005.

On April 6, 2005, Plaintiff sent a Request for Administrative Remedy or Appeal to the Warden. Defendant Sapp (the Warden) and

7

Defendant Solorzano (a medical doctor and the Chief Health Officer at Hamilton Correctional Institution) responded that the grievance was reviewed and evaluated, and the response to the informal grievance adequately addressed the issue. Response, dated April 19, 2005.

On April 24, 2005, Plaintiff sent a grievance to the Secretary of the Florida Department of Corrections, stating that he should not have to report to sick call and pay $4.00 for a visit. Request for Administrative Remedy or Appeal, dated April 24, 2005. He expressed his fear that if he reports to sick call, the staff may pull another tooth. Id. He concluded that he wants a partial plate inserted. Id. On May 10, 2005, the Department of Corrections, Bureau of Inmate Grievance Appeals, responded:

> Appeal denied:
>
> Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.
>
> It is determined that the response made to you by the institution on 4/5/05 appropriately addresses the issues you presented.
>
> It is the responsibility of your Dentist to determine the appropriate treatment regimen for the condition you are experiencing.
>
> You are encouraged to cooperate with your health care staff by following the treatment regimen prescribed.
>
> Should you experience problems, Dental sick call is available so that you may present your concerns to your health care staff.

Response to the Request for Administrative Remedy or Appeal, dated May 10, 2005.

Thereafter, Plaintiff sent another grievance to the Warden, noting his desire for a partial plate. Request for Administrative Remedy or Appeal, dated April 25, 2005. On May 12, 2005, Defendant Sapp (the Warden) and Defendant Solorzano (a medical doctor and the Chief Health Officer at Hamilton Correctional Institution) responded:

> You are on a rotating list for your dental treatment plan. You will be given a call-out when your name rotates back to the top of the list. In the meantime, if you are experiencing dental pain, you may sign up for dental sick call.

Response to Request for Administrative Remedy or Appeal, dated May 12, 2005.

In May, Plaintiff appealed to the Secretary of the Florida Department of Corrections. Request for Administrative Remedy or Appeal, dated May 19, 2005. In June, the Department of Corrections, Bureau of Inmate Grievance Appeals denied the appeal, stating in pertinent part:

> Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.
>
> The Director of Dental Services, Dr. Shields also reviewed your appeal.

> It is determined that the response made to you by the institution on 4/5/05 appropriately addresses the issues you presented.
>
> It is the responsibility of your Dentist to determine the appropriate treatment regimen for the condition you are experiencing.
>
> There are no full time dentists at Hamilton C.I. Only part-time dentists are there and priority is given to those with true emergencies or urgent needs.
>
> You are encouraged to cooperate with your health care staff by following the treatment regimen prescribed.
>
> Should you experience problems, Dental sick call is available so that you may present your concerns to your health care staff.

Response to Request for Administrative Remedy or Appeal, dated June 17, 2005.

On June 14, 2005, Plaintiff went to dental sick call and was given a pass for a mechanical dental diet by Defendant Vanwinkle, a dentist at Hamilton Correctional Institution. See Florida Department of Corrections Diet Prescription/Order, dated June 14, 2005. With the mechanical dental diet, his food will be either chopped up for him or will be soft.

While Plaintiff notes that he experiences burning in his stomach, constant heart burn and acid reflux, he has not grieved those complaints to the medical staff. And, based on his allegations contained within his Complaint, he acknowledges that he is on medication for those ailments.

Based on the allegations contained within the Complaint and Plaintiff's exhibits attached to the Complaint, it is clear that Plaintiff does not want to request dental sick call because he may be charged $4.00 for the dental care. Further, Plaintiff appears doubtful as to the treatment that may be provided if he requests dental sick call; however, such a concern about what may or may not happen is not a violation of his federal constitutional rights. Rather, he desires to bypass the dental sick call procedure and be given priority over other inmates on the rotating list.

Defendants' responses to the grievances submitted by Plaintiff outline the procedures implemented by the Department of Corrections to provide dental care to all inmates, and it is clear that Plaintiff understands that he may request dental sick call at any time for his immediate dental needs; however, he may be charged for a visit to dental sick call. Dental sick call is available to him for any pain or discomfort he may experience, and by merely following the instructions given in the responses to the grievances, he may present his concerns to the dental staff for prompt evaluation.

Plaintiff has not shown deliberate indifference to any serious medical or dental needs. Quite to the contrary, Plaintiff has been seen in dental sick call several times and was recently provided a mechanical dental diet to help him chew his food. Defendant Vanwinkle also observed that he should be allowed extra time to

11

eat. Since the special diet is for only a period of time (June 14, 2005, through July 18, 2005), it is evident that Plaintiff may once again visit dental sick call to update the staff on his progress or lack thereof and may request the continuation of the special diet. While it is unfortunate that Plaintiff is not now at the top of the rotating list for his dental treatment plan, it is clear that the Defendants are providing dental care to him, have a dental treatment plan for him and are willing to provide prompt dental evaluation and care (through the dental sick call list), as requested by him and as outlined in numerous responses to grievances.

Finally, it is noteworthy that Dr. Shields, the Director of Dental Services for the Department, also reviewed Plaintiff's appeal in June of 2005, concluding that it is the responsibility of Plaintiff's dentist to determine the appropriate treatment regimen for the condition Plaintiff is experiencing and that priority is given to those with true emergencies or urgent needs. Plaintiff was encouraged to cooperate with the dental and health care staff by following the treatment regimen prescribed. And, Plaintiff once again was informed that dental sick call is available for presentation of his concerns to the health care staff.

It is clear that Plaintiff's constitutional rights have not been violated. Here, at most, Plaintiff is dissatisfied with procedures utilized by the dental staff in providing care and does

not want to pay $4.00 for visits to dental sick call. However, if Plaintiff continues to experience dental or medical ailments as a result of his difficulty in chewing his food, the procedures in place to request dental and/or medical care and the administrative grievance procedure are available to assist him in receiving care.

In light of the above, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of the Court shall enter judgment dismissing the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2005.

UNITED STATES DISTRICT JUDGE

sc 7/21
c:
Timmy Scott Hamilton